[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 50.]

THE STATE EX REL. PARRETT, APPELLANT AND CROSS-APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE; ROBBINS & MYERS INC.,
CROSS-APPELLANT AND APPELLEE.

[Cite as *State ex rel. Parrett v. Indus. Comm.*, 1996-Ohio-433.]

*Workers' compensation—Industrial Commission does not abuse its discretion in basing a permanent partial disability award solely on medical and clinical findings that are reasonably demonstrable.*

(No. 94-1181—Submitted June 5, 1996—Decided July 3, 1996.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 93AP-420.

_____

{¶ 1} In 1989, appellant and cross-appellee, claimant Leon Dennis Parrett, contracted contact dermatitis in the course of his employment with cross-appellant and appellee, Robbins & Myers, Inc. On April 4, 1991, claimant moved the Bureau of Workers' Compensation to determine his percentage of permanent partial disability pursuant to R.C. 4123.57.

{¶ 2} Bureau specialist Dr. Scott D. Bleser examined claimant and assessed a twenty-five percent permanent partial impairment. Based on that report and purported consideration of claimant's nonmedical disability factors, a commission district hearing officer found claimant to have a twenty-five percent permanent partial disability. That order was administratively affirmed.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in failing to find a higher percentage of disability. The court of appeals agreed and issued a limited writ that returned the cause to the commission for further consideration and amended order.

**{¶ 4}** This cause is now before this court upon an appeal and cross-appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

*Thompson, Hine & Flory*, *Janice Rosenthal* and *Timothy E. Cowans*, for cross-appellant and appellee.

_____

***Per Curiam.***

**{¶ 5}** On authority of *State ex rel. Holman v. Longfellow Restaurant* (1996), 76 Ohio St.3d 44, 665 N.E.2d 1123, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

_____